UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PEDRO ALUBA,<br><br>                    Plaintiff,<br>  vs.<br><br>M/V SEAQUEST, INC.; LEGACY FISHING COMPANY AND F/V LEGACY,<br><br>                    Defendants. | CASE NO. 05cv1628 JM(BLM)<br><br>**ORDER GRANTING MOTION FOR RECONSIDERATION; GRANTING LIMITED DISCOVERY; SCHEDULING ORDER** |

Defendant M/V Seaquest, Inc. ("Defendant") moves for reconsideration and amendment of the trial schedule. Plaintiff Pedro Aluba opposes the motion. For the reasons set forth below, the court grants the motion for reconsideration, grants limited discovery on medical and damage issues only, and sets a scheduling order on pretrial and trial matters.

## BACKGROUND

Plaintiff is a 45 year old Philippine national who was employed as a commercial fisherman by Defendant. On December 30, 2004, Plaintiff suffered a tibial plateau fracture to his lower right leg while stacking a net in dry dock in Pago Pago, American Samoa.

Plaintiff underwent surgery with bone allografting on January 2, 2005 in Hawaii. Following complications and additional medical consultations, on August 25, 2006 Plaintiff underwent knee replacement surgery. Following the surgery, the surgeon opined that the chance of serious complications resulting from the surgery, including Reflex Sympathetic Dystrophy Syndrome ("RSD/CRPS") was around one in 2000. (McMullen Decl. ¶5). In early October, Defendant learned

1 for the first time that Plaintiff suffered from RSD/CRPS. (Motion at p.4:26-27).

2 On August 16, 2006 the court conducted a pretrial conference, executed the Pretrial Order, and confirmed a September 11, 2006 trial date. Shortly before trial, on or about September 5, 2006, the parties stipulated to continue the trial and proceed to mediation in San Francisco in an attempt to settle this case. The case did not settle at mediation for several reasons, including the potential for increased medical expenses arising from symptoms associated with RSD/CRPS. (McMullen Decl. ¶14). On October 27, 2006, December 15, 2006, and on December 18, 2006 the court conducted status conferences to monitor the progress of the case.

## DISCUSSION

Reconsideration is generally appropriate "if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law. . . . There may also be other, highly unusual circumstances warranting reconsideration." School Dist. No. 1J, Multnomah County, Oregon v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993) (citations omitted). Here, the court finds that it is in the interests of justice to permit additional discovery to fully develop and discover the extent of Plaintiff's injuries. The August 16, 2006 denial of Defendant's request to conduct additional discovery and to call expert witnesses on damages was predicated in large part upon the need to proceed to trial -- a trial that has now been continued for over five months on both parties' representations that mediation and/or further medical treatment would likely resolve outstanding issues.

Since the court executed the pretrial order, Plaintiff underwent knee replacement surgery. Since then, Plaintiff has experienced medical complications. Defendant represents that the costs associated with RSD/CRPS may fall in the $2 to 4 million range. (McMullen Decl. ¶15). The substantial increase in potential damages was an unforseen event at the time of the pretrial conference.

At the time of Defendant's initial request for reconsideration of the court's earlier pretrial orders, and in Defendant's supplemental papers filed in support of reconsideration, Defendant has emphasized that a continuance of the trial date, as well as the needs for expanded discovery and defense experts, were predicated upon Plaintiff's changing and allegedly worsening medical condition

and damage picture. Although in Defendant's initial pleading there was a reference to a request for a liability expert, Mr. Medina, to be called, the gravamen of Defendant's Motion for Reconsideration has always been the desire to fully defend the accelerating and worsening medical and damage claims of Plaintiff. It was in the spirit of that request and the parties' desire to explore mediation that the court agreed to continue the original trial date. Further, in later status conferences with counsel, it was the intention of the court, once it was reported that mediation efforts were unsuccessful, to place the parties in the same relative positions they were in at the time of the initial pretrial conference but with Defendant permitted to request, over the objection of Plaintiff, to complete discovery for its expert witnesses on medical and damage issues and fully defend thereon. In essence, reconsideration of the court's earlier order places Defendant in a better defensive posture than if trial had proceeded as originally set. Indeed, in Defendant's supplemental request papers, the following requests were made:

(1) New Designation of Experts: Defendant intends to add its retained experts, Dr. Jonathan Schleimer (neurologist) and Dr. Joseph Shurman (anesthesiologist);

(2) Re-do Rule 26 Disclosures: the parties may prepare and serve new disclosures per expert, and incorporate the new claims asserted by Plaintiff'

(3) Conduct Expert Discovery: includes the completion of depositions of Dr. Sam Maywood (anesthesiologist) and Carol Hyland (rehabilitation expert);

(4) Meet and Confer Re Duplicative Experts: e.g., plaintiff currently has two experts (Ms. Hyland and Dr. Maywood) qualified to testify regarding life care management and two liability experts;

(5) Further Independent Medical Examination: by Dr. Stuart Marshall (orthopedic surgeon) and Dr. Joseph Shurman; and

(6) Meet and Confer, and Revise the Pretrial Order with additional witnesses and documents.

(Supplemental Motion at p.3:7-19).

At oral argument on January 23, 2007 Defendant requested that it be permitted to make Rule 26 disclosures for a liability expert and proceed with discovery on liability. This specific request is denied for several reasons:

(1) Reopening this case to allow defense liability experts to proceed from "square one" would, in all probability, cause the trial date to be continued at significant hardship to Plaintiff in the form of added expense and inconvenience.

    (2)    Granting the request would provide a collateral and unintended benefit for Defendant as a result of the initial trial continuance which continuance was granted only because of alleged changed <u>medical</u> circumstances.

    (3)    Under the present pretrial order, Defendant will be permitted to challenge liability through cross-examination of any expert to be called by Plaintiff and with the ability to call any percipient witness for the purpose of undermining the factual underpinning of any expert opinion.

Consistent with Federal Rule of Civil Procedure 1, the court concludes that an order permitting limited but additional discovery and the filing of an amended pretrial order will foster the just and equitable resolution of this case. Accordingly, the court orders the following:

    (1)    The parties may redesignate experts on issues of damages and medical condition only. These disclosures must be made no later than January 31, 2007;

    (2)    The parties must make appropriate Rule 26 disclosures for these experts by January 31, 2007;

    (3)    The parties may conduct additional expert discovery. The parties are instructed to cooperate and complete such expert discovery by February 21, 2007. Unless otherwise agreed by the parties, all expert depositions shall occur in San Diego County;

    (4)    Any further independent medical examinations must be completed by February 2, 2007 and any required Rule 26 disclosure with respect to these examinations no later than by February 7, 2007;

    (4)    The parties must file an amended pretrial order no later than March 2, 2007;

    (5)    The final pretrial conference and motions in limine hearing date is calendared for March 19, 2007 at 9:00 a.m. All motions in limine must be filed no later than March 5, 2006 and any opposition or response by March 12, 2007; and

    (6)    Jury trial is calendared for April 2, 2007 at 9:00 a.m.

**IT IS SO ORDERED.**

DATED: January 24, 2007

                                        Hon. Jeffrey T. Miller
                                        United States District Judge

cc: All Parties